Louis B. Heller, J.
In this article 78 proceeding, petitioning tenants seek to review and annul respondent’s [Administrator] determination which affirmed the granting of a certificate of eviction to the landlords by the Local Rent Administrator, pursuant to subdivision a of section 55 of the City Rent and Rehabilitation Regulations.
The pertinent section as here applicable provides as follows:
“ Section 55. Occupancy by landlord or immediate family.
“ a. A certificate shall be issued where the landlord seeks in good faith to recover possession of a housing accommodation because of immediate and compelling necessity for his own personal use and occupancy or for the use and occupancy of his immediate family * * #. As used in this paragraph, the term ‘ immediate family ’ includes only a son, daughter, stepson, stepdaughter.”
Gleaned from the submitted papers, including the return, is the fact that the Local Rent Administrator found, after a hearing at which the interested parties were present, that the landlords had fully complied with the rent regulations by satisfactorily establishing an immediate and compelling need and that they did act in good faith.
It is evident from this record that the subject four-room apartment of the owners is wholly inadequate for two families consisting of five people and a child recently born to the landlords ’ married daughter. The courts have held that two families should not be required to occupy a single apartment and the law is well settled today that each family is entitled to its own home (Matter of Rosenbaum v. Herman, N. Y. L. J., March 7, 1961, p. 15, cols. 1, 2; Matter of Berger v. McGoldrick, 133 N. Y. S. 2d 390, 392). It is obvious on this record that the finding that immediate and compelling necessity exists was a proper determination.
The sole remaining issue is that of the landlords ’ ‘ ‘ good faith”. The court finds that petitioners have failed to sub *31 stantiate or sustain their charge that the order below was the result of fraud.
There being a factual question as to the owners’ good faith, sufficient evidence appears in the record to support respondent’s finding that the landlords’ application for possession of the subject apartment was made in good faith, and was neither arbitrary, capricious nor unreasonable. Consequently, the court may not substitute its judgment for that of the City Rent Administrator (Matter of Friedman v. Weaver, 3 N Y 2d 123; Matter of First Terrace Gardens v. McGoldrich, 1 N Y 2d 1; Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70, 75; Matter of Marcus v. McGoldrick, 281 App. Div. 764). Petitioners’ other challenges to respondent’s determination are without merit.
Accordingly, the application is denied and the petition dismissed.